IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH DEWAYNE HICKS,<br><br>Defendant. | Case No. 21-CR-379-JFH |

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Dismiss Count Two as Multiplicitous ("Motion") filed by Defendant Elijah Dewayne Hicks ("Defendant"). Dkt. No. 137. For the reasons set forth below, the Motion is DENIED.

On December 9, 2021, the grand jury returned an Indictment charging Defendant with: (1) Murder in Indian Country in violation of 18 U.S.C. §§ 1111(a), 1151 & 1153; (2) Use, Carry, Brandish, and Discharge of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii) & (iii); and (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(c), in violation of 18 U.S.C. § 924(j). Dkt. No. 12.

Defendant moves to dismiss Count Two of the Indictment, contending that Count Two is multiplicitous of Count Three. Dkt. No. 137. The Government agrees that Count Two is multiplicitous of Count Three, but it argues that dismissal is not appropriate because multiplicitous counts can be presented to a jury where one is a lesser included offense. Dkt. No. 145. Though the Court agrees that Counts Two and Three are multiplicitous, Defendant has not demonstrated that this requires dismissal of Count Two.

The Tenth Circuit has held that "multiplicity is not fatal to an indictment" and, in fact, "the Government may submit multiplicitous charges to the jury." *United States v. Frierson*, 698 F.3d

1267, 1269 (10th Cir. 2012). Though multiplicitous counts are not fatal to the indictment, this Court has discretion to require the prosecution to elect between multiplicitous counts before trial. *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997). Though multiplicitous charges may be submitted to a jury, multiplicitous sentences will violate the Defendant's rights under the Double Jeopardy Clause, and, as such, if a Defendant is convicted of multiplicitous charges, the District Court "must vacate one of the convictions." *Frierson*, 130 F.3d at 1426.

Multiplicitous counts may also confuse the jury and lead jurors to believe that Defendant is accused of committing multiple wrongful acts instead of a singular act. *Johnson*, 130 F.3d at 1426. But this Court is of the belief that this danger can be effectively alleviated through the use of proper jury instructions.

Defendant's motion to dismiss will be denied, and this Court will seek to remedy any possible confusion in its instructions to the jury. Further, should Defendant be convicted of multiplicitous counts, this Court will vacate one of the convictions so that no multiplicitous sentence shall be imposed.

Dated this 2nd day of December 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE