IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH DEWAYNE HICKS,<br><br>Defendant. | Case No. 21-CR-379-JFH |

## OPINION AND ORDER

Before the Court is an Opposed Omnibus Motion in Limine ("Motion") filed by Defendant Elijah Dewayne Hicks ("Defendant"). Dkt. No. 136.

Defendant requests that the Court preclude the Government from referring to the deceased in this matter, Timothy Buckley, as the "victim." Dkt. No. 136 at 2-5. Next, Defendant moves this Court to exclude from evidence the fact that Defendant was found to be in possession of .380 bullets when he was arrested. *Id.* at 5-7. Lastly, Defendant requests that this Court prohibit use of the word "expert" at trial. *Id.* at 7-9. For the reasons set forth below, Defendant's Motion is granted in part, and denied in part.

## AUTHORITY AND ANALYSIS

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party

meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

## I. Use of "victim" at trial.

Defendant's first Motion in Limine moves this Court to prohibit the Government from referring to the decedent in this matter as the "victim." Dkt. No. 136 at 2-5. The Government indicates that intends to abide by the Order previously entered in this matter [Dkt. No. 91] and will not refer to the decedent in this case as the "victim." Dkt. No. 149. Defendant's Motion in Limine is granted.

## II. Evidence regarding ammunition.

Defendant's second Motion in Limine seeks to exclude evidence of the fact that upon his arrest, Defendant was found to be in possession of .380 caliber bullets. Dkt. No. 136 at 5-7. Specifically, Defendant argues that this evidence is irrelevant and, to the extent that it may have slight relevance, it is more prejudicial than probative. *Id.* The Government, in its response agrees to not introduce this evidence in its case in chief, but the Government does request that the issue be re-evaluate if it becomes relevant for impeachment purposes upon Defendant's testimony. Dkt. No. 149 at 1-2. The Government's suggestion is reasonable and appropriate. Evidence regarding the ammunition found upon Defendant at his arrest will not be admitted at trial unless it is relevant for impeachment purposes. To the extent that the Government believes it has become relevant, it shall first advise the Court outside the presence of the jury.

## III. Use of term "expert" at trial.

Lastly, Defendant argues that this Court should follow the "better practice" of not using the term "expert" with reference to qualified opinion testimony under Fed. R. Evid. 702. Dkt. No.

136 at 7-9. The Government's response seems to misunderstand Defendant's request, and so is of little help to this Court in resolving the issue raised by Defendant. Dkt. No. 149 at 2.[1]

Though Defendant's concern is understandable, the Court is not persuaded that a prohibition on the use of the word "expert" is necessary. The Court is not inclined to prohibit the Government from referring to its Rule 702 witness as an "expert" when the rule itself uses the term expert. Defendant states that he is principally concerned about the Court's use of the term "expert" and avoiding any suggestion that the Court somehow endorses such testimony. In this respect, the jury instructions given by the Court will properly instruct the jury regarding the appropriate weight to be given to the Rule 702 opinion testimony, and the appropriate instruction will avoid any suggestion that the Court agrees with the witness' testimony. Moreover, the Tenth Circuit pattern instruction does not itself contain the word "expert" except as a title for the instruction – Defendant may submit his proposed instruction at the appropriate time. Either way, it is not the Court's practice to recognize any witness as an "expert." Defendant's third Motion in Limine is denied.

WHEREFORE, Defendant's Omnibus Motion in Limine is granted in part, in accordance with the above Order.

Dated this 3rd day of December 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] This, among other reasons, causes the Court to wonder whether there was any meaningful conference between the parties prior to the filing of the present motion. The parties are advised to review the Court Chambers Rules as it relates to the filing of motions.