IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ELIJAH DEWAYNE HICKS,<br><br>          Defendant. | Case No. 21-CR-379-JFH |

## OPINION AND ORDER

Before the Court is a Motion in Limine ("Motion") filed by Plaintiff. Dkt. No. 147. Defendant has responded to the Government's Motion. Dkt. No. 154.

The Government requests that this Court exclude evidence that Timothy Buckley (the decedent in this case) had violent criminal convictions, including two convictions for domestic assault and battery and a further conviction for assault and battery with a dangerous weapon. Dkt. No. 147 at 1. Defendant counters that evidence of Buckley's prior violent acts is relevant to Defendant's self-defense arguments and his state of mind because Defendant was aware of Buckley's history of violence. Dkt. No. 154. For the reasons set forth below, the Government's Motion is denied.

## AUTHORITY AND ANALYSIS

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Management Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 Fed.App'x 337 (10th Cir. 2010) (quotation and citation omitted). In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the

proper context. *Id.* A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Management, Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

### I.     Timothy Buckley's criminal history may be admissible if offered for a proper purpose.

The Government asks this Court to exclude any and all evidence pertaining to Timothy Buckley's criminal history because Buckley's criminal history is not relevant. The Defendant argues, correctly, that if Defendant was aware Buckley' prior violent acts (and Defendant asserts that he was), then evidence of those acts may be admissible under Fed. R. Evid. 404(b) to demonstrate Defendant's state of mind. The Tenth Circuit has conclusively held that "specific instances of a victim's violent conduct may be admissible in a self-defense case to prove the defendant's state of mind." *United States v. Armajo*, 38 F.4th 80 (10th Cir. 2022).

However, that is not to say that all such instances of conduct are admissible as a matter of course. *Id*. at 85. Defendant must first show the relevance of the conduct by demonstrating that he was aware of the conduct at the relevant time. Further, evidence of Buckley's prior criminal history is still subject to Rule 403 balancing, under which this Court must evaluate the probative value of Defendant's proffered evidence against Rule 403's other prudential concerns. This question is necessarily fact dependent and must consider the specific factual circumstances surrounding Buckley's prior conduct and the similarity to the circumstances at issue in this case, though the "link between similarity and probative value may be more attenuated" when considering extrinsic evidence in the context of a Defendant's self-defense claim. *Id*.

Given the above, the issue of the admissibility of Mr. Buckley's prior conduct will be reserved for trial. Defendant is directed to alert the Court, outside the presence of the jury, if

Defendant seeks introduce such evidence at trial. This Court will hear further argument regarding admissibility of the contested evidence under Fed. R. Evid. 404 and 403.

WHEREFORE, the Government's Motion in Limine is denied at this time, without prejudice to reasserting the issue.

Dated this 9th day of December 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE